**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irma Sandoval,<br><br>   Plaintiff,<br><br>vs.<br><br>MWR et al.,<br><br>   Defendants. | No. CV-10-00683-PHX-NVW<br><br>**ORDER** |

  Before the Court is Defendant Gilberto Salazar's Motion for Summary Judgment (Doc. 35). Plaintiff Irma Sandoval asserted several federal claims as well as a state law intentional infliction of emotional distress ("IIED") claim against Salazar. Sandoval concedes that her federal claims are improper but argues that her IIED claim survives summary judgment. The Court therefore grants Salazar's Motion for Summary Judgment as to Sandoval's federal claims. For the reasons stated below, the Court denies Salazar's Motion for Summary Judgment with respect to Salazar's IIED claim.

**I. Standard of Review**

  Summary judgment is warranted if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must produce sufficient evidence to persuade the court that there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Conversely, to defeat a motion

1  for summary judgment, the nonmoving party must show that there are genuine issues of

2  material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A material fact

3  is one that might affect the outcome of the suit under the governing law, and a factual

4  issue is genuine "if the evidence is such that a reasonable jury could return a verdict for

5  the nonmoving party." *Id.* at 248.

6      The moving party bears the initial burden of identifying those portions of the

7  pleadings, depositions, answers to interrogatories, and admissions on file, together with

8  the affidavits, if any, which it believes demonstrate the absence of any genuine issue of

9  material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the nonmoving

10  party would bear the burden of persuasion at trial, the moving party may carry its initial

11  burden of production under Rule 56(c) by producing "evidence negating an essential

12  element of the nonmoving party's case," or by showing, "after suitable discovery," that

13  the "nonmoving party does not have enough evidence of an essential element of its claim

14  or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at

15  1105-06; *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574

16  (9th Cir. 1990).  When the moving party also bears the burden of persuasion at trial, it

17  must show that "the evidence is so powerful that no reasonable jury would be free to

18  disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008).

19      When the moving party has carried its burden under Rule 56(c), the nonmoving

20  party must produce evidence to support its claim or defense by more than simply showing

21  "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*

22  *v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Where the record, taken as a whole,

23  could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

24  issue of material fact for trial. *Id.*  The nonmoving party's evidence is presumed to be

25  true and all inferences from the evidence are drawn in the light most favorable to the

26  nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.

27  1987).  If the nonmoving party produces direct evidence of a genuine issue of material

28  fact, the motion for summary judgment is denied. *Id.*

**II.    Analysis**

To establish a prima facie case for IIED, a plaintiff must demonstrate that the defendant: (1) engaged in "extreme and outrageous conduct;" (2) either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result; and (3) that the plaintiff suffered "severe emotional distress." *Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (citing *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz 419, 428, 909 P.2d 486, 495 (Ct. App. 1995)).

Salazar contends that his conduct was not sufficiently "extreme and outrageous" and therefore Sandoval's IIED claim must fail. To succeed, Sandoval must show that Salazar's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Craig*, 496 F.3d at 1058 (quoting *Cluff v. Farmers Ins. Exch.*, 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (Ct. App. 1969), *overruled on other grounds by Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (1989)). The Restatement of Torts, cited with approval by *Cluff* court, explains that:

> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless smoke.

RESTATEMENT (SECOND) OF TORTS § 46, cmt. d.

Applying this standard, the Ninth Circuit in *Craig* reversed a district court's grant of summary judgment for a defendant manager who had repeatedly propositioned a plaintiff employee and had kissed her by force on one occasion. 496 F.3d at 1059. The court held that the defendant's behavior did not comprise "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*. Despite society's "rough edges," the plaintiff was not required to become "hardened" to her supervisor

- 3 -

1   "repeatedly propositioning her inside and outside the office, following her into the

2   bathroom, standing outside the toilet stall and then grabbing her and sticking his tongue in

3   her mouth." *Id.* A reasonable observer could find such conduct to be outrageous and

4   extreme, particularly in an employment context. *Id.*

5         Sandoval has provided an affidavit stating that Salazar, her co-worker, sexually

6   harassed her at work by inappropriately touching, kissing, and propositioning her on

7   multiple occasions despite her demands that Salazar stop. On one occasion, Salazar

8   entered a bathroom while Sandoval, who worked as a custodian, was cleaning, and

9   grabbed her jaw and forced an open-mouth kiss on her. On another occasion, Salazar

10   grabbed Sandoval by the arms and asked for a kiss. When she refused, Sandoval kissed

11   her, forcing his tongue in her mouth. These facts are sufficiently close to those of *Craig*

12   that this Court must follow *Craig.*

13         As illustrated by *Craig*, Salazar's alleged conduct is sufficiently outrageous to

14   survive a motion for summary judgment on her IIED claim. Salazar's contention that the

15   court in *Ford v. Revlon*, 153 Ariz. 38, 735 P.2d 588 (1987), found that a supervisor who

16   grabbed his employee while she was in the bathroom, restrained her in a chokehold, and

17   ran his hands over her breasts, stomach, and between her legs did not engage in

18   sufficiently outrageous conduct is incorrect. In *Revlon*, a *jury* found the supervisor was

19   liable for assault and battery, but not for IIED. *Id.* at 42, 735 P.2d 584. It should go

20   without saying that a jury's finding of liability (or lack thereof) in another case is not a

21   proper basis for the Court to decide this case. Moreover, the jury found the employer

22   liable for IIED and the court found that the court of appeals should not have reversed the

23   judgment of the trial court. *Id.* at 42-44, 735 P.2d 584-86.

24         Lastly, Salazar has not argued that Sandoval cannot meet the second and third

25   prongs of her IIED claim. Therefore, the Court will not consider whether Sandoval has

26   sufficient evidence to establish that Salazar intended to cause or recklessly disregarded

27   the near certainty that his conduct would cause Salazar distress or whether Salazar in fact

28   suffered "severe emotional distress."

1        IT IS THEREFORE ORDERED that Salazar's Motion for Summary Judgment

2  (Doc. 35) is granted except with respect to Sandoval's claim for intentional infliction of

3  emotional distress.

4        DATED this 1st day of September, 2010.

5

6                         Neil V. Wake

7                  United States District Judge